FILED
08-15-2018
Clerk of Circuit Court
Outagamie County

STATE OF WISCONSIN ::　　CIRCUIT COURT　　:: OUTAGAMIE COUNTY　2018CV000772

RYAN R. LOSSE
725 E. Byrd St.
Appleton, WI 54911

　　Plaintiff,
v.

CITY OF APPLETON,

SGT. TYRELL WEST, APPLETON POLICE DEPT.,

OFFICER TASCHNER APPLETON POLICE DEPT.,

OUTAGAMIE COUNTY,

WISCONSIN DEPARTMENT OF CORRECTIONS

RODGER NEVEAU,

CHAD CORRIGAN

　　Defendants.

SUMMONS

CASE NO:
CASE CODE: 30703

## SUMMONS

THE STATE OF WISCONSIN, to each person named above as a Defendant:

YOU ARE HEREBY notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal actions.

Within twenty (20) days of receiving this summons (45 days if you are the State of Wisconsin or an insurance company, 60 days if you are the United States of America), you must respond with a written Answer, as that term is used in § 802 of the Wisconsin Statutes, to the

1

Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is as follows:

>CLERK OF COURTS
>OUTAGAMIE COUNTY JUSTICE CENTER
>320 S. WALNUT STREET
>APPLETON, WI 5491

And to Plaintiff's Attorney, John Miller Carroll, of John Miller Carroll Law Office, whose address is as follows:

>JOHN MILLER CARROLL LAW OFFICE
>226 SOUTH STATE STREET
>APPLETON, WI 54911

You may have an attorney help or represent you.

If you do not provide a proper Answer within (20) days of receiving this summons (45 days if you are the State of Wisconsin or an insurance company, 60 days if you are the United States of America), the Court may grant judgment against you for the award of the money or other legal action requested in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated in Appleton Wisconsin, this 15th day of August, 2018.

Respectfully Submitted,

**JOHN MILLER CARROLL LAW OFFICE**

By: _____
John Miller Carroll
Attorney for Plaintiff
State Bar No. 1010478

ADDRESS:
226 S. State Street
Appleton, WI 54911
920) 734-4878

2

STATE OF WISCONSIN ::    CIRCUIT COURT    :: OUTAGAMIE COUNTY

RYAN R. LOSSE
725 E. Byrd St.
Appleton, WI 54911

    Plaintiff,

v.

CITY OF APPLETON,

SGT. TYRELL WEST, APPLETON POLICE DEPT.,

OFFICER TASCHNER APPLETON POLICE DEPT.,

OUTAGAMIE COUNTY,

WISCONSIN DEPARTMENT OF CORRECTIONS

RODGER NEVEAU,

CHAD CORRIGAN

    Defendants.

COMPLAINT FOR VIOLATION OF FEDERAL AND CONSTITUTIONAL RIGHTS

CASE NO:
CASE CODE: 30703

## COMPLAINT

COMES NOW, the Plaintiff, Ryan Losse by and through his attorneys of John Miller Carroll Law Offices L.L.C., and hereby submit his Complaint against the above captioned parties for violations of the Plaintiffs Civil and Constitutional rights and wrongfully imprisoning him for 10 weeks in the Outagamie County Jail for a crime while in possession of a video that exonerated him of any and all reasonable suspicion in the commission of the crime of arrest. In support thereof, Plaintiff states and alleges as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Ryan Losse (hereinafter referred to as "Plaintiff" or "Losse") is a resident of Appleton WI, located within Outagamie County, residing at 725 E. Byrd Street. Plaintiff is a lawful citizen of the United States.

2. Defendant, City of Appleton, (herein after referred to as "Defendant" or "Appleton") is a municipal corporation within Outagamie County that is the employer of several of the officers and other city officials responsible for the Wrongful incarceration of the Plaintiff.

3. Defendant, Outagamie County, (herein after referred to as "Defendant" or "Appleton") is a County within the State of Wisconsin that is responsible for operation of the Outagamie County Justice Center, where the Plaintiff was wrongfully incarcerated.

4. Wisconsin Department of Corrections, Is the State agency responsible for the incarceration of Wisconsin's convicted criminals and employer to co-defendant state agents Rodger Neveau and Chad Corrigan who's conduct caused the wrongful imprisionment of the Plaintiff for 10 weeks.

5. This court has jurisdiction of this matter pursuant to Wisconsin Annotated Statutes §801, venue is proper in Outagamie County as the injury occurred there, the plaintiff resides within the County and Defendants conduct extensive business within Outagamie County. Further, the majority of the events occurred in Outagamie County.

## ALLEGATIONS COMMON TO ALL CLAIMS

upon information and belief:

### 42 U.S.C. § 1983, provides:

<u>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory</u> or the District of Columbia, <u>subjects, or causes to be subjected,</u> any

2

citizen of the United States or other person within the jurisdiction thereof to the <u>deprivation of any rights, privileges, or immunities secured by the Constitution and laws,</u> **shall be liable to the party injured in an action at law,** suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

## MANY VIOLATIONS OF THE PLAINTIFFS CIVIL RIGHTS AGAINT WRONGFULL SEARCH SEIZURE AND IMPRIONSONMENT AS WELL AS A CLEARLY EXCESSIVE AND UNDLY HARSH SENTENCE

1. The Plaintiff is an adult residing at 725 E. Byrd St., in the city of Appleton Wisconsin 54911.

2. That on, June 21, 2017 the Plaintiff was unlawfully arrested and held in custody for 10 weeks for a crime he did not commit.

3. That Losse's detention was not based on his involvement in any crime, his detention was not based on required cause to justify incarceration. These are *<u>clear violations of the Plaintiffs 4th and 8th Amendment rights</u>* against warrantless seizures not based upon probable cause and a unduly harsh sentence as he was incarcerated without cause. Factually another person committed the crime for which he was incarcerated.

3

4. That for the duration of his unlawful incarceration Losse notified his Probation agents of his complete lack of involvement, specifically highlighting a video of the events clearly depicting a suspect that is not Ryan Losse.

5. The suspect depicted on the recording of the officers clearly shows many physically distinguishing factors between the Plaintiff and the suspect. Most notably several arm tattoos clearly distinguish the two parties.

6. That Probation and Parole was contacted by Appleton Police Department, SGT. Tyrell West and an apprehension request was issued wrongfully for Ryan Losse.

7. Ryan Losse was apprehended without incident, and provided a statement as to his complete lack of involvement. Losse's statement was reaffirmed by several witnesses and most importantly the video of events clearly showing another person as the suspect engaged in the alleged crime.

8. For 10 weeks, Ryan Losse was incarcerated in Outagamie County Jail for a crime he factually did not commit.

9. That during the entirety of his confinement the prosecuting agency had within its evidence and sole possession a body camera video clearly depicting another actor yet, Losse remained incarcerated.

10. That after 10 weeks of insistent pleading and continual written statements that clearly indicate his lack of involvement, statements of other witnesses and A VIDEO CLEARLY DEPICTING ANOTHER PERSON, the Plaintiff was finally released from his unlawful incarceration on August 29th, 2017.

4

11. Because of the conduct of Outagamie County, The City of Appleton, Probation and Parole, The Appleton Police Department, Sgt. Tyrell West, Officer Taschner, Rodger Neveau and Chad Corrigan, the Plaintiff was unlawfully incarcerated for a crime he did not commit.

12. That had any of the parties acted diligently or even reasonably the Plaintiff would have never been arrested, much less held for weeks while the parties prosecuting him had in their sole possession a video showing his innocence.

13. All of these events carried on, while the prosecuting agencies had dispositive and exculpatory evidence that shows beyond any doubt the complete lack of involvement in any manner of the Plaintiff.

14. As a direct result of the actions of the Defendants, the Plaintiff has incurred substantial damages in the form of missed wages, personal injury, pain and suffering, property damage and loss of quality of life in addition to the initial confinement of his wrongful incarceration.

15. "in summary, "under 42 U.S.C. §1983, only two elements are required to state a claim: (1) the plaintiff must have been deprived of a right secured by the Constitution or laws of the United States; and (2) the actions of the defendant must have benn taken under color of state law.". Kramer v. Horton, 125 Wis.2d 177, 184, 371 N.W.2d 801 (Ct. App. 1985), rev. on other grounds, 128 Wis.2d 404, 383 N.W.2d54 (1985)

16. 42 U.S.C. §1988 provides for reasonable attorney's fees to be awarded to a successful plaintiff. Since constitutional rights need to be vindicated and connot be valued solely in monetary terms, there should be no automatic comparison between the size of award and fees requested. Nor should the court use the prevailing contingent fee contract employed in personal injury cases. City of Riverside v. Rivera, 106 S. Ct 2686 (1986)

5

WHEREFORE, Plaintiff prays judgment enter against the Defendants, jointly and severally for an amount equal to all actual and punitive damages recoverable against each as pled under the claims stated herein, as shown by the evidence, pre- and post-judgment interest as allowed by law, together with fees and costs, and for such other and further relief as this court deems just and appropriate under the circumstances. Plaintiffs further pray for statutory damages, all costs and reasonable attorney fees pursuant to 42 U.S.C. §1988 against the defendant.

PLAINTIFFS DEMAND TRIAL BY JURY

Dated in Appleton Wisconsin, this 15th day of August, 2018.

Respectfully Submitted,

By: _____
John Miller Carroll
Attorney for Plaintiff
State Bar #1010478

By: _____
Tyler T. Fredrickson
Attorney for the Plaintiff
State Bar #1101665

<u>ADDRESS</u>:
226 S. State Street
Appleton, WI 54911
(920) 734-4878

6